Matter of Cutri v Wolfe (2021 NY Slip Op 03523)





Matter of Cutri v Wolfe


2021 NY Slip Op 03523


Decided on June 03, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 03, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Oing, JJ. 


Index No. 650406/15 Appeal No. 13998 Case No. 2021-00517 

[*1]In the Matter of Saro Cutri, Petitioner-Appellant, Eric Rodie et al., Petitioners,
v
Josh Wolfe et al., Respondents-Respondents, Robert Paull et al., Respondents. Lux Capital Management, LLC, Nonparty Respondent. 


Stinson LLP, New York (Kieran M. Corcoran of counsel), for appellant.
Cooley LLP, New York (Philip M. Bowman of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered December 21, 2020, which denied petitioner Cutri's motion to hold respondents in contempt of court and to compel compliance with a judgment, same court and Justice, entered November 10, 2015, confirming a final arbitration award, unanimously affirmed, with costs.
Petitioner Cutri failed to show that the judgment confirming the final arbitration award expressed an unequivocal mandate either requiring respondents to allow him to invest in future Lux Capital Group (LCG) funds or prohibiting respondents from proposing a buyout of LCG members and merging LCG into Lux Capital Management (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]). Although the arbitrators noted that they had based their decision in part on representations by the directors that included a pledge to allow LCG members to participate in future funds and that those commitments were binding, the pledges were made in the context of an acknowledgement by the directors that they could not guarantee that LCG members would receive any particular rate of "carry" and that all decisions had be taken in view of maximizing the potential success of the fund. No language in the award mandated any particular action on the part of the directors, and the concluding section of the award, which dismissed petitioners' claims, did not include any of the language from the section on the future of LCG.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2021